Marin v City of New York (2020 NY Slip Op 07502)





Marin v City of New York


2020 NY Slip Op 07502


Decided on December 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 15, 2020

Before: Renwick, J.P., Gische, González, Scarpulla, Mendez, JJ. 


Index No. 301481/14 Appeal No. 12623 Case No. 2020-00063 

[*1]Hector F. Torres Marin, Plaintiff-Respondent,
v
The City of New York, et al., Defendants, Hunts Point Terminal Produce Cooperative Association, Inc., Defendant-Appellant, Sharkey's Trucking Corp., et al., Defendants-Respondents.


Abrams, Gorelick, Friedman & Jacobson, LLP, New York (Steven DiSiervi of counsel), for appellant.
The Altman Law Firm, PLLC, Woodmere (Michael T. Altman of counsel), for Hector F. Torres Marin, respondent.
Lewis Brisbois Bisgaard & Smith LLP, New York (Jennifer R. Oxman of counsel), for Sharkey's Trucking Corp. and Fernando L. Fuentes, respondents.



Order, Supreme Court, Bronx County (Donald Miles, J.), entered on or about November 18, 2019, which, to the extent appealed from as limited by the briefs, denied defendant Hunts Point Terminal Produce Cooperative Association, Inc.'s motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Plaintiff seeks damages for injuries he allegedly sustained inside Hunts Point Produce Market (Market), a property owned by the City and leased by defendant Hunts Point Terminal Produce Cooperative Association (Hunts Point). Plaintiff was injured when a pallet jack he was operating collided with a tractor owned by defendant Sharkey's Trucking Corp. and operated by defendant Fernando L. Fuentes, an employee of Sharkey's. Plaintiff contends that inadequate lighting was the proximate cause of the accident.
Hunts Point failed to tender sufficient evidence to eliminate any material issues of fact from the case (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). It did not establish that the lighting conditions in the vicinity of the accident were adequate, that it had no notice of any inadequate condition, or that any inadequate lighting was not a proximate cause of the accident (see Rachlin v 34th St. Partnership, Inc., 96 AD3d 690 [1st Dept 2012]).
Even if defendant had met its burden, plaintiff raised issues of fact. Plaintiff testified and submitted photographic evidence showing that the area at the time of the accident was dark. Fuentes testified that he did not see plaintiff before the accident. Plaintiff also submitted evidence that the area was supposed to be illuminated by high-mast lighting, that the lighting was not working, and that he had complained to Market security about the lighting before the accident. Further, plaintiff's expert opined that a cause of, or a factor that contributed to, the accident was the lack of lighting in the area (see Turturro v City of New York, 28 NY3d 469, 485 [2016]). Contrary to defendants' contention, the expert's opinion was not conclusory but was based on the record evidence.
We have considered Hunts Point's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2020